J. E. CARROLL SAND COMPANY, Appellant, *v.* EARL C. JONES, INC., et al., Defendants; BELMONT LUMBER Co., INC., et al., Appellants, and STATE BANK OF BOLIVAR et al., Respondents.

(Argued February 13, 1931; decided March 24, 1931.)

*William C. Carroll* for appellants. The finding and judgment of the Appellate Division that the assignment from the contractor to the respondent State Bank of Bolivar was filed within ten days after the date of such assignment in accordance with section 16 of the Lien Law, has no support in fact or in law. (*Hackett* v. *Campbell*, 10 App. Div. 523; 159 N. Y. 537; *Thurber* v. *Chambers*, 66 N. Y. 42; *Williams* v. *Ingersoll*, 89 N. Y. 508; *Risley* v. *Phenix Bank*, 11 Hun, 484; 83 N. Y. 318; *Hofferberth* v. *Duckett*, 175 App. Div. 480; *Edison El. Illuminating Co.* v. *Frick Co.*, 221 N. Y. 1; *Harvey* v. *Brewer*, 178 N. Y. 5; *Glens Falls Portland Cement Co.* v.

*Van Wirt Construction Co.*, 225 App. Div. 159.) The Appellate Division erred in finding and concluding that the respondents Salamanca Trust Company and the First National Bank of Olean were entitled to be paid out of the moneys prior to the liens of plaintiff and defendants which were found to be valid by the trial court. (*Paine* v. *City of New York*, 190 App. Div. 681; 231 N. Y. 539.)

*James P. Quigley* and *Earl C. Vedder* for respondents. The finding and judgment of the Appellate Division that the assignment from the contractor to the respondent State Bank of Bolivar was filed within ten days after the date of the assignment as required by section 16 of the Lien Law is supported by the evidence and the law. (*Hall* v. *New York*, 79 App. Div. 102; *Hackett* v. *Campbell*, 10 App. Div. 523; 159 N. Y. 537; *Federal Heating Co.* v. *Buffalo*, 99 Misc. Rep. 121; *Paine* v. *New York*, 190 App. Div. 681; 231 N. Y. 539; *Wood* v. *Galway*, 186 App. Div. 134; *Giant Portland Cement Co.* v. *State*, 232 N. Y. 395; *Riverside Contg. Co.* v. *City of N. Y.*, 218 N. Y. 596; *Albany B. S. Co.* v. *Eastern B. & S. Co.*, 235 N. Y. 432; *Lawrence* v. *Church*, 32 App. Div. 489; 164 N. Y. 115; *Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417; *Glens Falls Portland Cement Co.* v. *Van Wirt Constr. Co.*, 225 App. Div. 159; *Shaughnessey* v. *Lewis*, 130 Mass. 355; *Orcutt* v. *Moore*, 134 Mass. 48.) The respondents Salamanca Trust Company and the First National Bank of Olean were entitled to share *pro rata* under the assignment to the State Bank of Bolivar. (*Paine* v. *City of New York*, 190 App. Div. 681; 231 N. Y. 539.)

*Per Curiam.* An assignment filed within ten days after the date when it was executed is valid under the provisions of section 16 of the Lien Law (Cons. Laws, ch. 33). The statute does not refer to the date which is inserted in the instrument of assignment but to the actual date when the assignment is made. The assignment to the State Bank of Bolivar was filed within the statutory period.

Nothing in the language of the instrument of assignment limited its effect. It was given as collateral security for advances to be made by the assignee and other banking institutions. To that extent and for that purpose, title to all moneys due and to become due passed to the assignee. Instruments thereafter executed by the assignee and delivered to the other banking institutions for the purpose of carrying out the purpose of the assignment and fixing the rights of the parties to the moneys previously assigned, do not constitute new assignments, within the meaning of the statute, which are void unless filed. The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.